Argued and submitted April 13, affirmed June 2, 2016

NATIONSTAR MORTGAGE, LLC,
*Plaintiff-Respondent,*

*v.*

Katheryn PEPER,
occupant of the property,
*Defendant-Appellant.*

Washington County Circuit Court
C134367CV; A157967

377 P3d 678

Steven C. Burke argued the cause for appellant. With him on the briefs was Case & Dusterhoff, LLP.

David J. Elkanich argued the cause for respondent. With him on the brief were Nellie Q. Barnard and Holland & Knight LLP.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

**GARRETT, J.**

In this action for judicial foreclosure, defendant appeals a general judgment of judicial foreclosure, which the trial court entered after granting plaintiff's motion for summary judgment. Defendant raises three assignments of error, two of which assert evidentiary and procedural error by the trial court. We reject those two assignments of error without further discussion and write only to address the remaining assignment of error, in which defendant contends that the grant of summary judgment was erroneous because plaintiff is not the real party in interest. As explained below, we disagree and affirm the judgment.

Because we reject defendant's evidentiary challenges, we take the facts from the summary judgment record before the trial court. "In reviewing a ruling on summary judgment, we view the record in the light most favorable to the nonmoving party to determine whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law." *Deutsche Bank Trust Co. Americas v. Walmsley*, 277 Or App 690, 692, 374 P3d 937 (2016). In 2005, defendant obtained a loan to finance the purchase of a home in Washington County, secured by a promissory note and deed of trust. The note obligated defendant to make regular payments on the loan and permitted the lender to accelerate the entire amount due under the note in the event of default. The deed of trust identified Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary, "solely as a nominee for Lender and Lender's successors and assigns." Defendant made payments as agreed for a time, then went into default and made no payment after September 2010. Through a series of transfers, plaintiff is now the holder of the promissory note, which is indorsed in blank. In April 2013, MERS also assigned the deed of trust to plaintiff. Plaintiff brought this action for judicial foreclosure in June 2013, seeking the unpaid balance, interest, and other amounts owing on the note, including attorney fees. The trial court granted summary judgment for plaintiff and entered a general judgment of foreclosure against defendant.

On appeal, defendant argues that the grant of summary judgment was erroneous because plaintiff is not the "real party in interest" and, therefore, lacked authority to foreclose on the deed of trust. The basis of defendant's argument is that MERS was designated as the "beneficiary" in the 2005 deed of trust that was recorded in county land records. Furthermore, defendant argues that plaintiff's status as holder of the note is irrelevant because, although that would give plaintiff the right to foreclose on a *mortgage*, that is not true for a trust deed.

We reject defendant's argument. Two well-settled principles of Oregon law guide our analysis. First, under the Uniform Commercial Code (UCC), the fact that plaintiff is the current holder of a promissory note, indorsed in blank, gives plaintiff the right to enforce the note. That is reflected in three Oregon statutory provisions adopting the UCC. ORS 73.0301 provides that a "person entitled to enforce" an instrument includes, among others, "the holder of the instrument." ORS 71.2010(2)(u)(A) defines the "holder" of an instrument to include "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." Finally, ORS 73.0205(2) states, "When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." Thus, because the note in this case is indorsed in blank, it is an "instrument payable to bearer." Plaintiff is the holder of that instrument and is therefore a "person entitled to enforce" it.

The second principle is that a mortgage or deed of trust "follows" the note that it secures. As the Supreme Court recently reiterated:

> "[O]regon law provides that the transfer of a promissory note that is secured by a mortgage automatically effects, by operation of law, an assignment of the mortgage. Because a trust deed is a species of mortgage and is 'subject to all laws relating to mortgages on real property,' ORS 86.715, the same principle applies to trust deeds: A trust deed follows the promissory note that it secures."

*Brandrup v. ReconTrust Co.*, 353 Or 668, 694, 303 P3d 301 (2013). In this case, the transfer of the note to plaintiff

also effected a transfer, by operation of law, of the deed of trust.[1]

In short, plaintiff is the holder of the note and, therefore, has the right to seek judicial foreclosure of the deed of trust that secures the note. *See Brandrup*, 353 Or at 687 ("The [Oregon Trust Deed Act] contemplates a unitary beneficiary status, so that the person with the right to repayment of the underlying obligation also controls the foreclosure process."); *Deutsche Bank Trust Co. Americas*, 277 Or App at 695-97 (the holder of a promissory note secured by a deed of trust has standing both to enforce the note and to foreclose on the property). Defendant's contrary argument, as we understand it, is based on the language of ORS 86.710, which provides that a trust deed "may be foreclosed by advertisement and sale in the manner provided in ORS 86.705 to 86.815, or, at the option of the beneficiary, may be foreclosed *by the beneficiary* as provided by law for the foreclosure of mortgages on real property." (Emphasis added.) Defendant points out that, in this case, MERS was named as the beneficiary in the 2005 trust deed. Thus, defendant contends, because the original lender was not the named beneficiary, a security interest in defendant's loan was never created or perfected.

Defendant's argument is defeated by *Niday v. GMAC Mortgage, LLC*, 353 Or 648, 302 P3d 444 (2013), decided by the Supreme Court the same day as *Brandrup*. Both cases discussed the designation of MERS as the record beneficiary in many deeds of trust and the implications of that designation in the context of nonjudicial foreclosure under the Oregon Trust Deed Act (OTDA). The extended analysis in those cases need not be repeated here. It is sufficient to take note of the

---

[1] Defendant also points out that, under *Brandrup*, MERS is incapable of holding or transferring "legal title to a trust deed separately from the right to receive repayment of the obligation that it secures." 353 Or at 704-05. Even if defendant is correct that MERS had no right to receive repayment of the note in this case, the assignment of the deed of trust by MERS to plaintiff was a legal nullity without bearing on our analysis, given plaintiff's status as holder of the note. *See United States Nat. Bank v. Holton*, 99 Or 419, 429, 195 P 823 (1921) ("[T]he assignment of a mortgage independent of the debt which it is given to secure, is an unmeaning ceremony." (Internal quotation marks omitted.)); *Schleef v. Purdy Et Al.*, 107 Or 71, 78, 214 P 137 (1923) (the transfer of a mortgage without a transfer of the underlying debt is "a mere nullity").

Supreme Court's explanation that "the fact that MERS was identified in the trust deed as the 'beneficiary' does not make it so for purposes of the OTDA. Rather, the 'beneficiary' is the person to whom the obligation that the trust deed secures is owed, *Brandrup*, 353 Or at 689, in this case, *either the lender or its successor.*" *Niday*, 353 Or at 664 (emphasis added). Thus, in *Niday*, the Supreme Court regarded the true beneficiary of the trust deed as the original lender, notwithstanding the deed's putative designation of MERS. *Id.* at 660 (reasoning that, "insofar as the trust deed 'secures to Lender' the 'repayment of the Loan' and other covenants relating to that obligation, the lender * * * was the original 'beneficiary' of the trust deed for purposes of the OTDA").

In this case, defendant seizes on (1) the fact that MERS was named as the beneficiary in the 2005 trust deed and (2) the holdings of *Brandrup* and *Niday*, which establish that MERS cannot be a true beneficiary for purposes of foreclosure under the OTDA. But the conclusion that defendant draws from those premises—that there is no true beneficiary under the 2005 trust deed—does not follow. Rather, defendant overlooks the analysis in *Niday* that makes clear that the original lender (and any successor) *is the beneficiary* notwithstanding what the deed of trust purports to designate.

For the foregoing reasons, we reject defendant's argument that plaintiff is not the real party in interest. Plaintiff is the successor to the original lender and, as such, is the beneficiary of the deed of trust for purposes of the OTDA. Moreover, as holder of the note, plaintiff has the right to judicial foreclosure on the deed of trust, which followed the note when it was assigned to plaintiff. In support of its motion for summary judgment, plaintiff presented evidence that it was in possession of the note, that defendant was in default, and that plaintiff was entitled to foreclose under those circumstances. Because defendant failed to introduce evidence that would have raised any genuine issues of material fact with respect to plaintiff's right to foreclose, the trial court did not err in granting plaintiff's motion for summary judgment.

Affirmed.