Argued and submitted November 22, 2016; motion for review of order on
supersedeas undertaking granted, judgment of foreclosure and order on
supersedeas undertaking affirmed February 15; petition for review denied
July 20, 2017 (361 Or 671)

NATIONSTAR MORTGAGE, LLC,
its Successors and/or Assigns,
*Plaintiff-Respondent,*

*v.*

Richard NIDAY
and Rebecca Lewis,
*Defendants-Appellants,*

*and*

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., et al.,
*Defendants.*

Clackamas County Circuit Court
CV13070955; A160373

389 P3d 1176

Elizabeth Lemoine and Lemoine Legal Services, P.C.;
and W. Jeffrey Barnes and W. J. Barnes, P. A., filed the briefs
for appellants.

David J. Elkanich, Garrett S. Garfield, and Holland &
Knight LLP, filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

## ORTEGA, P. J.

Defendants Richard Niday and Rebecca Lewis appeal a general judgment of judicial foreclosure of a residential deed of trust. The trial court granted summary judgment to plaintiff on its claim of judicial foreclosure after determining that there was no genuine issue of material fact that plaintiff was the holder of the promissory note signed by defendants and that defendants were in default of their obligations under the promissory note and deed of trust. The trial court, however, held a bench trial on defendants' affirmative defense of "failure to mitigate." After defendants rested their case, the trial court granted plaintiff's motion for directed verdict on the affirmative defense. Accordingly, the court entered a general judgment of judicial foreclosure.

On appeal, defendants claim that the trial court erred by granting summary judgment to plaintiff and by granting plaintiff's motion for directed verdict on their affirmative defense. We reject without written discussion their assignment of error directed at the trial court's grant of a directed verdict, and we also reject without written discussion a separate assignment of error that challenges the competency of an affidavit introduced by plaintiff to support summary judgment.

As for defendants' assertion that summary judgment was improper because there were genuine issues of material fact as to "unresolved issues of transfer and ownership" of the promissory note and deed of trust, their assertion is foreclosed by two of our recent decisions. In *Deutsche Bank Trust Co. Americas v. Walmsley*, 277 Or App 690, 696, 374 P3d 937 (2016), we held that the plaintiff

> "proved that it was the 'holder' of the note, and therefore entitled to enforce it in the event of a default, by establishing that it possessed the note at the time of the foreclosure action and that the note was indorsed to plaintiff. That is all plaintiff was required to prove with respect to its right to enforce the note, and defendant presented no evidence from which a reasonable juror could conclude otherwise."

Likewise, in *Nationstar Mortgage, LLC v. Peper*, 278 Or App 594, 596, 377 P3d 678 (2016), we held that, under the Uniform Commercial Code, "the current holder of a promissory note,

indorsed in blank, gives [the current holder] the right to enforce the note." In that case, we upheld the grant of summary judgment to the plaintiff because it

"presented evidence that it was in possession of the note, that defendant was in default, and that plaintiff was entitled to foreclose under those circumstances [and] defendant failed to introduce evidence that would have raised any genuine issues of material fact with respect to plaintiff's right to foreclose[.]"

*Id.* at 598. Similarly here, the summary judgment record contained undisputed evidence that, at the time of the foreclosure action, plaintiff was in possession of the promissory note indorsed in blank and defendants were in default of their obligations under the promissory note and deed of trust. Accordingly, plaintiff established the requisites for judicial foreclosure of a trust deed and defendants failed to introduce evidence that raised any genuine issue of material fact with respect to plaintiff's right to foreclose. Thus, we affirm the judgment of foreclosure.

After oral argument, defendants filed a motion for review and relief of a trial court order that set the amount of the supersedeas undertaking to stay the judgment pending appeal at $2,500 per month. Previously, on *de novo* review under ORS 19.360, the Appellate Commissioner had vacated a trial court order that set the supersedeas undertaking at $4,500 per month based on the trial court's conclusion that the gross annual revenue of $55,000 for short-term rental of the property equated to the annual fair market rental value of the property. In his order, the commissioner concluded that there was no evidence in the record regarding the amount that a reasonable person would be willing to pay to rent the property for use as a short-term vacation rental, which is how the property was being used. Accordingly, the commissioner vacated and remanded the order to the trial court with instructions to take additional evidence to determine the "fair market rental value of the property" related to its use as a short-term vacation rental. On remand to the trial court, plaintiff presented a declaration of a real estate broker who attested that as a short-term rental, the property could reasonably be expected to generate between $2,620 and $2,980 in net income per month depending on

the manner in which it was leased. Defendants presented competing testimony that they would receive very little in net income for leasing the property as a short-term rental. The court set the supersedeas undertaking at $2,500 per month. Defendants seek review of that order under ORS 19.360, which provides that we shall review the decision "de novo upon the record." Having reviewed the record, including the evidence presented by the parties to the trial court, we affirm the trial court's order setting the supersedeas undertaking at $2,500 per month.

Motion for review of order on supersedeas undertaking granted; judgment of foreclosure and order on supersedeas undertaking affirmed.